IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| WILLIAM E. SPAULDING III § | |
| § | |
| V. § | A-09-CA-831-JN |
| § | |
| RISSIE OWENS, STUART JENKINS, § | |
| CONRITH DAVIS, LYNN RUZICKA, § | |
| PAMELA FREEMAN, JACKIE § | |
| DENOYLLES, and ALL OTHER § | |
| INDIVIDUALS, in their official § | |
| capacities as agents, employees, successors, § | |
| assigns, or others with the Board of § | |
| Pardons and Paroles § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable James R. Nowlin, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Plaintiff's Application for Preliminary Injunction (Document No. 2); Defendants' Motion to Dismiss (Document No. 13); and Plaintiff's response thereto (Document 15). Plaintiff, proceeding pro se, has paid the full filing fee for this case.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Stiles Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was convicted of aggravated sexual abuse, with one enhancement, and sentenced to 35 years in the TDCJ-CID. State v. Spaulding, No. 85-5-3749 (24th Dist. Ct., Jackson County, Tex., May 6, 1985). Plaintiff was released on mandatory supervision on May 27, 1995. His supervision was revoked shortly thereafter. On June 6, 2006, Plaintiff was again released on mandatory supervision. However, Plaintiff asserts stricter conditions, including the Super Intensive Supervision Program ("SISP") and electronic monitoring, were placed upon his release without providing Plaintiff timely notice and a right to be heard and in violation of his equal protection rights.

According to Plaintiff, he was accused of violating the terms of his mandatory supervision on March 27, 2007, when he failed to hear the alarm on his electronic monitor due to being hearing impaired. Plaintiff states he voluntarily surrendered to his parole officer, and he was transported to the Harris County Jail. On May 9, 2007, while Plaintiff was confined in the Harris County Jail, he allegedly was served with two informations, alleging two separate misdemeanor counts. Subsequently, a revocation hearing was held regarding the violation of the terms of mandatory supervision. According to Plaintiff, on May 11, 2007, the Board of Pardons and Paroles voted to reinstate his mandatory supervision. Plaintiff complains he was held in the Harris County Jail without a valid warrant from May 11, 2007 until June 24, 2007.

Plaintiff explains on June 24, 2007, the Board issued a new warrant due to the pending charges brought against him. Plaintiff asserts his mandatory supervision was revoked on September 10, 2007.

Plaintiff does not challenge the revocation of his supervised release.[1] Rather, he seeks a declaratory judgment, declaring Plaintiff's constitutional rights were violated when he was subjected him to the SISP and electronic monitoring. Plaintiff also requests injunctive relief, preventing the defendants from imposing SISP without first providing Plaintiff with timely notice and a hearing and preventing the defendants from imposing electronic monitoring unless it can be shown that the monitoring equipment can be adapted to devices for the hearing impaired.

Defendants move to dismiss Plaintiff's complaint as time-barred. Defendants contend the limitations period for Plaintiff's causes of action began on June 2, 2006, the date on which Plaintiff was released to mandatory supervision. Defendants argue that Plaintiff's complaint filed on November 16, 2009, was filed after the two-year limitations period expired.

Plaintiff responds he was required to exhaust his administrative remedies by filing a motion to reopen the revocation of the mandatory supervision proceedings and by filing a request for special review. According to Plaintiff his request for special review was denied on November 14, 2008. Plaintiff concludes, his lawsuit filed on November 16, 2009, was filed within the two-year limitations period.

## DISCUSSION AND ANALYSIS

A.  <u>Standard Under Rule 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6)

---

[1] Plaintiff challenged the revocation of his supervised release in <u>Spaulding v. Quarterman</u>, No. H-08-CV-1054 (S.D. Tex.). On December 11, 2008, Petitioner's application for habeas corpus relief was denied. On September 9, 2009, the Fifth Circuit Court of Appeals denied Spaulding's request for a certificate of appealability. <u>Spaulding v. Quarterman</u>, No. 08-20847 (5th Cir. 2009).

the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).

      B.      Statute of Limitations

There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

The two-year limitations period began to run in Plaintiff's case on June 2, 2006, when Plaintiff was released to mandatory supervision. Plaintiff incorrectly argues the motion to reopen and the request for special review, filed after his mandatory supervision was revoked, were administrative remedies he was required to exhaust before filing his civil rights action. Both the motion to reopen and the request for special review relate to the revocation of Plaintiff's mandatory supervision, which Plaintiff does not challenge. Accordingly, the limitations period was not tolled during their pendency. Plaintiff did not file his civil rights complaint until November 16, 2009, after

4

the limitations period had expired. Accordingly, Plaintiff's complaint is time-barred to the extent Plaintiff challenges the conditions imposed upon him in 2006.

      C.      Motion for Preliminary Injunction

Plaintiff also seeks prospective injunctive relief, preventing the defendants from imposing the same conditions upon him when he is released to mandatory supervision in the future. Plaintiff is currently incarcerated. He has not shown that his release on supervised release is actual or imminent, and no SISP conditions have been imposed on him. Any argument that he will be released and that SISP conditions will be imposed on him without due process and without equipment for the hearing impaired is speculative. Therefore, Plaintiff has not shown a concrete injury as required for standing, nor has he shown that his claims are ripe for review. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992); United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000).

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss be granted and Plaintiff's Motion for Preliminary Injunction be denied. To the extent Plaintiff challenges the conditions placed upon his release in 2006 Plaintiff's complaint should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e), as those claims are time-barred. To the extent Plaintiff seeks prospective injunctive relief Plaintiff's complaint should be dismissed without prejudice for want of jurisdiction, as Plaintiff lacks standing and those claims are not ripe for review.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of April, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE